### No. 3.

#### SQUIRE *against* ALLEN.  *Bennington*, 1817.

A declaration against the defendant, as receiver, held good, on error, where the plea, below, was general demurrer, though it was not averred, in the declaration, of whom the defendant received, &c.   This was a case of joint partners in tanning, &c.

---

### No. 4.

#### GLEASON *against* HOWARD.   *Windham*, 1817.

IN an action of trespass quare clausum fregit, if the defendant attempt to justify, under a special plea of title and possession, he must aver every material fact necessary to constitute a title.   An averment that the title, &c. was in another on the *fifteenth* day of, &c. and that he attached, &c. on the *sixteenth* day of same month, does not connect the title of the other and himself.   An averment that the execution was levied, &c. is bad, unless it appears the execution was in full life. An averment, that by reason whereof, (alluding to the prior statement of the levy of the execution, &c.) the defendant became seized and possessed, in his own right, &c. is argumentative and bad pleading, unless the prior averment will necessarily warrant the conclusion of seizen and possession, i. e. unless they are such as to give title and possession.   An averment, in the plea that defendant was seized and possessed, &c. at the time when the trespass is alledged to have been committed, will not avail, in case there are two counts in the declaration, and trespasses in each, alledged to have been committed at different times.

*Query.*   Does not this special plea amount to the general issue, and therefore bad ?